## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

NEAL WINNIE and                                       CASE NO.
SARI ABROMOVICH,
               Plaintiffs,

-vs-                                                  HON.

CARRINGTON MORTGAGE
SERVICES,
            Defendant.
_____/

A.K. HOWELL & ASSOCIATES, PLLC
Angela Howell (P70129)
29230 Ryan Road, Suite D
Warren, MI 48092
(248) 820-2844
attyahowell@gmail.com
_____/

## COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiffs state:

### Introduction

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act (FDCPA),15 USC 1692 et seq., and the Michigan Collection Practices Act (State Act), MCL 339.901 et seq., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction and Parties

2. Jurisdiction of this court arises under 15 USC 1692k(d) and 28 USC 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367.

3. Plaintiff Winnie, (hereinafter, Mr.Winnie), is a natural person residing in Jackson County, Michigan.

4. Plaintiff Abromovich, (hereinafter, Ms. Abromovich), is a natural person residing in Jackson County, Michigan.

5. Defendant Carrington Mortgage Services (hereinafter, "Carrington"), is a corporation formed under the laws of California. Carrington's corporate headquarters is located at 1610 East Saint Andrew Place, Suite B-150, Santa Ana, California 92705 and does business in the state of Michigan and is principally engaged in the business of servicing and collecting mortgage payments.

### Factual Allegations

6. On or about *September 1, 2014*, Ms. Abromovich was making a payment via telephone to Carrington.

7. While on the phone, she inquired about the automatic payment option which she accepted. She then gave the representative all of her banking information and agreed to have the mortgage payment auto debited from her banking account each month. Exhibit 1 (Affidavits).

8. It was not until receiving a call from Carrington in November that Plaintiffs discovered that the October payment had not been debited from the account. Mr. Winnie immediately paid both October and November's payments.

9. Carrington reported the October payment as late to the credit reporting agencies.

10. Upon learning about this reporting, Ms. Abromovich notified Carrington and was instructed to write a letter explaining her position, to which she complied. Exhibit 2 (Letter to Carrington).

11. Upon receipt of the letter, Carrington wrote back to Ms. Abromovich and declined to correct the late report error.

12. Mr. Winnie then wrote a letter to Carrington. Exhibit 3 (Winnie letter to Carrington).

13. Carrington still refused to remove the late reporting from the credit reporting agencies.

14. As a result of the acts alleged above, Plaintiffs suffered actual damages, including emotional distress.

### Count I

15. Plaintiff incorporates by reference paragraphs 1 through 14.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant improperly reported the October late payment to the four credit reporting agencies in violation of 15 USC § 1692e(2)(A)
   b. Pursuant to Section 814(a) of the FDCPA, 15 USC § 16921(a), the acts and practices alleged in paragraph 16(a) also constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 USC § 45(a).
   c. Defendant has failed to notify the four credit reporting agencies that the October late payment is disputed in violation of Section 807(8) of the FDCPA, 15 USC § 1692e(8).
   d. Pursuant to Section 814(a) of the FDCPA, 15 USC § 16921(a), the acts and practices alleged in paragraph 16(c) also constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 USC § 45(a).

17. As a result of Defendant's violations of the FDCPA, Plaintiffs suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

## Count II

18. Plaintiff incorporates by reference paragraphs 1 through 17.

19. Defendant violated the FCRC. Defendant's violations include, but are not limited to, the following:

a. Defendant provided inaccurate information concerning the Plaintiffs to all four CRA's in violation of Section 623(a)(1)(B) of the FCRA ;15 USC § 1681s-2(a)(1)(B).
b. Pursuant to Section 621(a)(1) of the FRCA, 15 USC § 1681s-2(a)93), the acts and practices alleged in paragraph 19(a) also constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 USC § 45(a).
c. Defendant failed to report the finding of its investigation to the CRA's in violation of Section 623(b) of the FCRA, 15 USC § 1681s-2(b).
d. Pursuant to Section 621(a)(1) of the FRCA, 15 USC § 1681s-2(a)93), the acts and practices alleged in paragraph 19(c) also constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 USC § 45(a).
e. Defendant failed to report the October late payment as disputed in violation of Section 623(a)(3) of the FCRC, 15 USC § 1681s-2(a)(3).
f. Pursuant to Section 621(a)(1) of the FRCA, 15 USC § 1681s-2(a)93), the acts and practices alleged in paragraph 19(e) also constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 USC § 45(a).

20. As a result of Defendant's willful violations of the State Act, Plaintiff suffered actual damages, including emotional distress, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

PLAINTIFFS REQUEST that this court enter judgment against Defendant as follows:

a. all equitable and ancillary relief as this Court may deem appropriate in the enforcement of the FCRA and the FDCPA.
b. $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FRCA.
c. $11,000 per violation for each violation of the FDPCA pursuant to Section 5(m)(1)(A) of the FTC Act, Penalties Inflation Adjustment Act of 1990, 28 USC § 2461.
d. actual damages and statutory damages of $1,000 pursuant to the FDCPA
e. costs and reasonable attorney fees pursuant to 15 USC 1692k.


June 2, 2015

                          A.K. Howell & Associates, PLLC

                          /s/ Angela K. Howell (P70129)
                          Attorney for Plaintiffs
                          29230 Ryan Road, Suite D
                          Warren, MI 48092
                          (248) 820-2844
                          attyahowell@gmail.com